UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WILLIAM ALAN MUSE** | **CIVIL ACTION NO. 3:17-CV-00094** |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **KENNETH BRYAN, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff William Alan Muse, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 20, 2017. Plaintiff is incarcerated at the Union Parish Detention Center. He names the following as defendants: (1) Assistant District Attorney Bruce E. Hampton; (3) Captain Kenneth Bryan; (3) Sergeant Rocky Kennedy; (4) Aaron Aitken; (5) Mary Hammett; and (6) Joel E. Mekus. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

On March 8, 2016, a confidential informant, working in connection with Union Parish Narcotics Officers Kenneth Bryan and Rocky Kennedy, purchased crack cocaine and marijuana from plaintiff using pre-recorded buy money. To monitor the operation and ensure the safety of the informant, he was equipped with surveillance equipment, in order. [*See* Affidavit for Arrest Warrant, Rec. Doc. 9-1, p.1] On June 8, 2016, a warrant was issued for plaintiff's arrest. [Rec. Doc. 9-1, p.2] Plaintiff was arrested on July 27, 2016.

Plaintiff is currently in custody awaiting trial on charges of distribution of marijuana and distribution of cocaine, in violation of La. R.S. 40:966.1 and La. R.S. 40:967 in Criminal Docket

Number 2016-F-53593, in the Third Judicial District Court, Parish of Union. [See Rec. Doc. 9-1, p. 8]

On December 7, 2016, a preliminary hearing was held, whereby plaintiff represented himself with standby counsel. The Court heard plaintiff's motion to disclose informer, motion to suppress electronic surveillance, motion to suppress identification, and a motion for a preliminary exam. The Court denied the plaintiff's motions. [Rec. Doc. 9-1, p. 9]

Plaintiff filed the instant Complaint on January 20, 2017, naming Union Parish Narcotics Officers Kenneth Bryan, Rocky Kennedy, District Attorney Bruce Hampton, and parole officers Aaron Aitken, Mary Hammett and Joel E. Mekus as defendants.

On May 15, 2017, plaintiff was directed to amend his complaint to provide additional information regarding the status of the criminal proceedings pending in the Third District Court and to dismiss those defendants who are immune from suit. [Rec. Doc. 8] Plaintiff filed an Amended Complaint on May 25, 2017. [Rec. Doc. 9]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity who has been permitted to proceed *in forma pauperis*. Accordingly, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Since he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is

immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### 2. Immune Defendants

#### A. Assistant District Attorney

Plaintiff alleges constitutional violations by Assistant District Attorney Bruce E. Hampton, stemming from the Bill of Information filed in the criminal prosecution pending in the Third Judicial District Court. However, any claim for monetary damages against Hampton is barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any

action taken pursuant to his role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). Plaintiff's claim against the District Attorney is based on his role as a prosecutor. As the conduct complained of was taken in this defendant's role as the State's advocate, he is entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

### B. Probation and Parole Officers

Plaintiff brings claims against Aaron Aitken, Mary Hammett and Joel E. Mekus, who were employed by the"Monroe District Probation and Parole Office [which] is a political subdivision of the State of Louisiana." He argues that Aitken placed a "no bond" parole violation detainer against him in August 2016 and informed his supervisor, Hammett, and Mekus, of plaintiff's arrest and detention. Accordingly, he alleges that the defendants "jointly failed to terminate the parole violation detainer issued against plaintiff after the expiration of the full term parole discharge date." Absolute immunity is immunity from suit rather than simply a defense against liability and is therefore a question which must be resolved as early as possible in the proceedings. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *Lawson v. Speetjens*, 42 F.3d 642, 642 (5th Cir.1994). To determine the application of the doctrine of absolute immunity, federal courts must employ a functional test rather than look to a defendant's status or title. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *Forrester v. White*, 484 U.S. 219, 227-29 (1988).

The Supreme Court has not expressly extended absolute immunity to parole officers or parole board members, although it has noted with approval that lower federal courts have done so. *Stokes v. Culver,* No. 08-3194, 2008 WL 4724306 (E.D. La. Oct. 24, 2008*) (*citing *Cleavinger v. Saxner,* 474 U.S. 193, 200-01 (1985). Most circuits, including the United States Fifth Circuit Court of Appeals, have held that " 'parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole.'" *Id. (citing Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir.1995) (quoting *Walrath v. United States*, 35 F.3d 277, 281 & n. 2 (7th Cir.1994)).

The United States Fifth Circuit has also extended absolute immunity to other state employees performing quasi-judicial roles pertaining to the actual denial or revocation of parole before the parole board. *Id. (citing Farrish v. Miss. State Parole Bd.*, 836 F.2d 969, 973 (5th Cir.1988); *Johnson v. Kegans*, 870 F.2d 992, 997 (5th Cir.1989); *Brown v. Nester*, 753 F.Supp. 630, 632 (S.D.Miss.1990)). The Fifth Circuit has defined a quasi judicial actor as "an official who, because of the organization of the government in a particular state, performs the parole board's quasi judicial duties.*" Id. (citing Farrish*, 836 F.2d at 975.) These duties can include acting as a judge or a prosecutor in the parole revocation hearing. *Id.*

Moreover, a suit against the Louisiana probation and parole officers in their official capacity would be suit against the State of Louisiana and barred by the Eleventh Amendment. *Id. (citin*g *Castille v. State of Louisiana*, No. 99-0940, 1999 WL 544684 (E.D.La. July 27, 1999)). All claims against these defendants in their official capacity must also be dismissed because they are immune.

### 3. Heck v. Humphrey

Finally, plaintiff complains of violations of his civil rights by the officers involved in the March 8, 2016, incident that led up to his July 2016 arrest. On that date, defendants Captain

Kenneth Bryan and Sgt. Rocky Kennedy met with a confidential informant in attempts to purchase crack cocaine from plaintiff. Captain Bryan supplied the informant with $140.00 of "buy money" to purchase crack cocaine and Sgt. Kennedy equipped him with electronic audio and video recoding surveillance equipment. [Rec. Doc. 1, p. 5] Plaintiff alleges that Bryan and Kennedy were "not armed with a search warrant, surreptitious entry warrant or judicial authorization to electronically intercept the communication as required by La. R.S. 15:1310." *Id.* Plaintiff was subsequently arrested on July 27, 2016 and charged with two counts of CDS distribution, "because of the May 8, 2016, interception made by the above defendants." *Id.* His amended complaint confirms that he is a pre-trial detainee awaiting trial.

Plaintiff claims that his custody violates the Constitutions and laws of the United States and the State of Louisiana, however, the grounds supporting plaintiff's confinement have not yet been successfully challenged; and since a finding by this court in his favor would necessarily imply the invalidity of both his past and present confinement, *Heck* bars any claim for monetary damages which implies the invalidity of the orders supporting his confinement.[1]

As such, his claims for damages are legally frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in *Heck* is legally frivolous unless the

---

[1] It should be noted that plaintiff does not assert a false arrest claim; he does not allege that he stands falsely accused and therefore falsely imprisoned due to his innocence of the charges that have been filed against him. Were that the case, he would be entitled to request a stay of these proceedings pending the outcome of his criminal trials, because *Heck* does not extend to cases where a plaintiff files a civil rights action challenging his arrest before any conviction. *Wallace v. Kato*, 549 U.S. 384, 393–94, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); see also *DeLeon v. Corpus Christi*, 488 F.3d 649, 655 (5th Cir.2007) (noting that the Supreme Court in *Wallace* refused to extend *Heck's* application to pending criminal matters).

conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

### 4. Emotional Distress

Plaintiff also alleges that Bryan and Kennedy are liable for intentional infliction of emotional distress. However, Title 42 U.S.C.§1997e(e), provides"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Accordingly, these claims should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

### 5. Habeas Corpus

Although plaintiff filed his complaint as a civil rights complaint pursuant to Section 1983, he also seeks a restraining order "prohibiting further incarceration of plaintiff at Union Parish Detention Center." [Rec. Doc. 1, p. 4]  To the extent that his complaint may be construed as challenging the legality of his confinement or as seeking his immediate release from confinement, such claims must be raised by petition for *habeas corpus* relief filed pursuant to 28 U.S.C. §2241 or 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Therefore, to the extent that plaintiff seeks his immediate release from custody in this civil rights litigation, such claim must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

*6. Injunctive Relief*

Finally, plaintiff asks this Court to restrain the Third Judicial District Court from continuing its criminal prosecution. The Court's duty is to review the plaintiff's compliant for alleged violations of his constitutional rights. To the extent that plaintiff asks this Court to intervene in an ongoing state criminal proceeding, his claim for injunctive relief fails. Under the well-established doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. *Knowlton v. Office of DA,* 2009 U.S. Dist. LEXIS 113742 (W.D. La. Oct. 30, 2009). This doctrine, which is alternately called "abstention or nonintervention," is based on considerations of equity, comity, and federalism. *Id.(citing DeSpain v. Johnston*, 731 F.2d 1171, 1175-76 (5th Cir.1984). Plaintiff failed to demonstrate that extraordinary circumstances are present to warrant federal intervention in this instance. Accordingly, these claims are without an arguable basis in law and must be dismissed. Thus, plaintiff has again failed to state a claim for which relief may be granted.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief. pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 24, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**